# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LEE RODRIGUEZ, CDCR # V-35218, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD BOBO, et al., <br><br> Defendants. | Civil No.   10-1134 JAH (AJB) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at the California Rehabilitation Center located in Norco, California, and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on May 24, 2010. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.    PROCEDURAL HISTORY**

On June 25, 2010, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* June 25, 2010 Order [Doc. No. 7]. Specifically, the Court dismissed: Plaintiff's false arrest claims as barred by the statute of limitations, *id.* at 3-5; all claims alleged against Defendants Bobo, Kirkness and Rose, who represented Plaintiff at different stages of his criminal trial and appeal, because

Plaintiff failed to allege any of them acted under color of state law, *id.* at 5-6; all ineffective assistance of counsel claims against Bobo, Kirkness and Rose as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), *id.* at 6-7; all claims against Judge Sturgeon based on his absolute judicial immunity, *id.* at 7; all claims alleged against Defendants Drain and Weiner based on their prosecutorial immunity, *id.* at 7-8; and finally, all claims against the San Diego County Sheriffs' Department Defendants based on witness immunity. *Id.* at 8. Because Plaintiff is proceeding without counsel, however, the Court notified him of his pleading deficiencies and granted him an opportunity to amend his Complaint in order to fix them. *Id.* at 9; *see also Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend."). Plaintiff was also cautioned that any claim not re-alleged against any Defendant not re-named in his Amended Complaint would be considered waived. *See id.* at 9 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

On July 13, 2010, Plaintiff submitted his First Amended Complaint [Doc. No. 11], which names only one Defendant, Ronald Bobo, the Deputy Public Defender appointed to represent him during his murder trial in El Cajon Superior Court in 2003. Plaintiff's Amended Complaint repeats his ineffective assistance of counsel claims against Bobo, and in addition to general and punitive damages, seeks his release, a "name change ... upon release," and the expungement of his criminal conviction. *See* Amend. Compl. at 11.

**II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

As the Court noted in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates it to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks

damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (applying § 1915(e)(2)); *Resnick* v. Hayes, 213 F.3d 443, 446 n.1 ((9th Cir. 2000) (applying § 1915A). To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must demonstrate that (1) the action complained of occurred "under color of law," and (2) the action resulted in a deprivation of his constitutional or federal statutory rights. *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002).

First, because Plaintiff names only one Defendant, Ronald Bobo, and does not re-allege any claims against any other previously named Defendant, the Court hereby finds those claims waived and dismisses Defendants McClendon, Haig, Williams, Cong, Scully, Gannett, Chang, Frank, Gardiner, Lunsford, Brugos, Drain, Sturgeon, Rose, Weiner and Kirkness as parties in this matter. *See King,* 814 F.2d at 567; *see also Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (an "amended complaint supersedes the original, the latter being treated thereafter as non-existent.").

Second, while the Court previously found Plaintiff's unlawful arrest and false imprisonment claims time-barred and permitted him leave to allege facts that might show statutory or equitable tolling, *see* June 25, 2010 Order at 3-5, *citing Fink v. Shedler*, 192 F.2d 911, 916 (9th Cir. 1999), his Amended Complaint includes no allegations that might render his arrest and imprisonment claims timely. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) (false imprisonment claim accrues "when legal process [i]s initiated against [the plaintiff]," thus, the limitations period "beg[ins] to run from that date."); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993) (noting dismissal is proper when running of statute of limitations is apparent on the face of the complaint). Accordingly, the Court again finds these claims barred by the statute of limitations, and therefore dismisses them for failing to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

Third, to the extent Plaintiff still seeks to sue Defendant Bobo, his Public Defender, based on allegations that Bobo's "performance fell grossly below normal stand[a]rds," and that he failed to fully investigate the prosecution's witnesses, "concealed" evidence and "participated

///

in a malicious prosecution" by failing to present an adequate defense, *see* Amend. Compl. at 2-9, Plaintiff's Amended Complaint suffers from the same deficiencies as his original.

As noted in the Court's June 25, 2010 Order, it is well-settled that an attorney appointed to represent a criminal defendant during trial performs "essentially a private function ... for which state office and authority are not needed." *Polk County v. Dodson*, 454 U.S. 312, 319 (1981); *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County*, 454 U.S. at 317-18 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Thus, when publicly appointed counsel performs as an advocate, *i.e.*, meets with clients, investigates possible defenses, presents evidence at trial and argues to the jury, he does not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county.").

Accordingly, Plaintiff's claims against Defendant Bobo must again be dismissed for failing to state a claim upon which section 1983 relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b). *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Finally, even if Plaintiff could somehow show that Bobo acted under color of state law, to the extent he seeks money damages under 42 U.S.C. § 1983 based on counsel's alleged ineffectiveness, Plaintiff's claims would nevertheless undermine the validity of his underlying criminal conviction.[1] As such, Plaintiff's ineffective assistance of counsel claims are not

---

[1] To the extent Plaintiff also seeks "release" and the "expungement" of his criminal conviction, *see* Amend. Compl. at 11, section 1983 affords him no relief. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973))*; see also Wolff v. McDonnell,* 418 U.S. 539, 554 (1974); *Heck,* 512 U.S. at 481; *Edwards v. Balisok,* 520 U.S. 641, 648 (1997). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson*, 544 U.S. at 78.

cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, were Plaintiff to succeed in showing that Defendant Bobo rendered ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity" of his conviction. *Heck*, 512 U.S. at 487; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different); *Lozada v. Deeds*, 964 F.2d 956, 958-59 (9th Cir. 1992) (remedy for ineffective assistance of counsel is a conditional writ granting petitioner's release unless state

1 retries him or allows him to pursue an appeal with the assistance of counsel within a reasonable
2 time). Thus, because Plaintiff seeks damages for an allegedly unconstitutional criminal
3 proceedings in a criminal case, and because he has not alleged that his conviction has already
4 been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512 U.S. at
5 489-90.

6       For all these reasons, the Court finds Plaintiff's Amended Complaint must be dismissed
7 sua sponte for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C.
8 §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.  CONCLUSION AND ORDER

10       Good cause appearing, **IT IS HEREBY ORDERED** that:

11       1) Plaintiff's Amended Complaint [Doc. No. 11] is **DISMISSED** without prejudice
12 for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C.
13 § 1915(e)(2)(b) and § 1915A(b). Because the Court finds amendment of Plaintiff's § 1983
14 claims would be futile at this time, leave to amend is **DENIED**. *See Cahill v. Liberty Mut. Ins.*
15 *Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion
16 where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*,
17 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim
18 containing an arguable basis in law, this action should be dismissed without leave to amend; any
19 amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

20       2) **IT IS FURTHER CERTIFIED** that an IFP appeal from this Order would not be
21 taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369
22 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant
23 is permitted to proceed IFP on appeal only if appeal would not be frivolous).

24       The Clerk shall close the file.

26 DATED: August 13, 2010

                      **HON. JOHN A. HOUSTON**
                      United States District Judge